UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-77-GNS

THE KRELLER CONSULTING GROUP, INC.                  PLAINTIFF

v.

SOUTH CENTRAL BANK, INC.                                 DEFENDANT

**MEMORANDUM OPINION & ORDER**

Before the Court is the Motion to Dismiss (DN 8-2) and Renewed Motion to Dismiss (DN 17) filed by Defendant South Central Bank, Inc. ("SCB"). Fully briefed, the matter is ripe for disposition. For the reasons outlined below, both motions are **DENIED**.

**I.     BACKGROUND**

Plaintiff Kreller Consulting Group, Inc. ("Kreller") is an Ohio corporation in the business of providing audits and saving recommendations to businesses, including SCB. (Am. Compl. ¶ 5, DN 16). Kreller and SCB entered into a Letter of Confidentiality and Intent ("LOI") in June 2013. (Am. Compl. ¶ 5). Kreller claims that SCB authorized recommendations which could potentially result in cost savings to SCB. (Am. Compl. ¶ 5). Kreller claims that it is entitled to seventy-five percent of cost savings that were a result of its recommendations. (Am. Compl. ¶ 5).

Kreller filed its complaint on June 18, 2015. (Compl., DN 1). SCB filed its Motion to Dismiss on July 14, 2015. (Mot. to Dismiss). Kreller filed its response on August 7, 2015. ( Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss, DN 10 [hereinafter Pl.'s Resp.]). SCB filed its reply on August 14, 2015. (Def.'s Reply in Supp. of Mot. to Dismiss, DN 13 [hereinafter Def.'s Reply]). Kreller filed its Amended Complaint on September 21, 2015. (Am. Compl.). SCB

renewed its prior Motion to Dismiss and Response on October 1, 2015. (Def.'s Renewed Mot. to Dismiss).

## II.     JURISDICTION

The Court has jurisdiction over the parties pursuant to 42 U.S.C. § 1332(a)(1) as the parties are citizens of different states and the amount in controversy exceeds $75,000.

## III.     STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id*. (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

## IV.     DISCUSSION

SCB argues that no contract was formed with Kreller and even if it was, SCB did not breach the agreement. (Def.'s Mot. to Dismiss 4, 6). Therefore, the Court must first consider if the complaint states "facial plausibility" that a contract was formed between the parties and if so,

if the complaint indicates facts that support a plausible claim for breach of contract. *See Iqbal*, 556 U.S. at 678.

A.  **Contract Formation**

SCB first argues that no contract was formed between the parties and therefore Kreller's complaint must be dismissed. (Def.'s Mot. to Dismiss 4). SCB claims that the contract is not sufficiently definite and is missing key contract terms that prevent contract formation. (Def.'s Mot. to Dismiss 5). Instead, SCB claims that the LOI is nothing more than an unenforceable "preliminary agreement" as the agreement does not contain several important terms needed to form a contract. (Def.'s Mot. to Dismiss 5). Yet, Kreller points to five key terms contained in the agreement. (Pl.'s Resp. 1-2).[1] SCB seemingly concedes these terms are present in the agreement in its Reply and instead claims the LOI is a preliminary agreement because it does not contain price terms. (Def.'s Reply 3-4). SCB claims that such terms were meant to be decided by "future agreement" and contains only speculative price terms that create only an "agreement to agree" rather than an enforceable contract. (Def.'s Mot. to Dismiss 4 (citing Ex. A ¶ 3, DN 10-1)); (Def.'s Reply 2-3).[2] Thus, in order to determine if a contract plausibly exists in this case, the Court must decide if a definitive enough price term exists in the LOI to overcome a motion to dismiss.

As a general principle, "agreements to agree" are unenforceable under Kentucky law. *C.A.F. & Assocs., LLC v. Portage, Inc.*, 913 F. Supp.2d 333, 342-43 (W.D. Ky. 2012) (citation omitted). Preliminary agreements are such "agreements to agree" and are determined by the "all

---

[1] Kreller correctly points to contract terms regarding subject matter, parties, consideration, terms of payment, and the duration of the contract in the LOI. (Am. Compl. Ex. A, ¶¶ 1-2).
[2] This provision reads "Savings will be defined as any savings, credits or rebates resulting from Kreller demonstrating a more cost efficient method of using and/or contracting for information services, and will be measured against benchmark calculations agreed upon by Customer and Kreller." (Am. Compl. Ex. A, ¶ 3).

or nothing" approach under Kentucky law. *Giverny Gardens, Ltd. P'ship v. Columbia House Partners Ltd. P'ship*, 147 F. App'x 443, 447 (6th Cir. 2005) (stating that an agreement is either an enforceable agreement or an unenforceable "something else" under Kentucky law). Yet, "if the parties supply an adequate source or reference for supplying meaning to an otherwise open material term, a court can treat the agreement as sufficiently conclusive." *First Tech. Capital, Inc. v. JPMorgan Chase Bank*, 53 F. Supp. 3d 972, 985 (E.D. Ky. 2014). Further, reference to future events can fix ambiguous terms by "viewing the context of the agreement." *Giverny Gardens*, 147 F. App'x at 449 (citing *Simpson v. JOC Coal, Inc.*, 677 S.W.2d 305, 309 (Ky. 1984)).

SCB claims the LOI in this case is analogous to similar agreements held to be preliminary and thus unenforceable. (*See* Def.'s Reply 3-5 (citing *First Tech. Capital*, 53 F. Supp. 3d at 985; *Portage, Inc.*, 913 F. Supp.2d at 345; *Giverny Gardens*, 147 F. App'x at 443)). The LOI is in this case is distinguishable from the agreements in the cases cited by SCB. In all three cases, the agreements either indicated no clear intent to enter into a contract or left open several fundamental terms. *First Tech*, 53 F. Supp. 3d at 985 (finding that a bid for a contract was preliminary because the parties had signed no agreement and the negotiation process was ongoing); *Portage*, 913 F. Supp. 2d at 342-43 (finding that agreement that "generally outlined" a "business relationship" between the parties was not a contract); *Giverny Gardens*, 147 F. App'x at 449 (finding a letter of intent which included an agreement to negotiate in "good faith, any open terms" was not a contract). The disputed provision in this case is not so speculative as to be an unenforceable preliminary agreement under the plausibility standard of a motion to dismiss.

First, unlike *First Tech* and *Portage*, the LOI in this case indicates plausible intent to contract. *First Tech.*, 53 F. Supp. 3d at 985; *Portage*, 913 F. Supp. 2d at 342-43. Paragraph 2 of

the LOI indicates that the parties "shall" enter into a benchmark agreement and that if SCB implements Kreller's services, it "shall pay seventy-five (75%) of the savings" to Kreller. (Am. Compl. Ex. A ¶ 2). The LOI itself plausibly indicates an agreement between the parties unlike those in the cited cases which either provided no intent to contract or provided merely an undefined "general" intention to form a "business relationship." *First Tech.*, 53 F. Supp. 3d at 985; *Portage*, 913 F. Supp. 2d at 342-43.

Second, Paragraph 3 of the LOI indicates the seventy-five percent referenced in Paragraph 2 "will be measured by benchmark calculations" agreed upon by the parties. (Ex. A ¶ 3). SCB argues that this provision is analogous to the "good faith" provision in *Giverny Gardens*. (Def.'s Reply 3). Yet, that provision contained more ambiguity than Paragraph 3 of the LOI. The *Giverny Gardens* provision contemplated "due diligence" and "good faith" negotiation for "open terms" in the agreement. *Giverny Gardens*, 147 F. App'x at 445. SCB claims that as in *Giverny Gardens*, the LOI in this case "specifically contemplated that a deal might not be struck." (Def.'s Reply 3).

Viewed in the context of the present agreement, Kreller's claims are not so nebulous as to be implausible. *See Giverny Gardens*, 147 F. App'x at 449. The agreement in this case provides for a specific percentage of a specific future gain and the parties agree that Kreller was to be paid if savings were realized from its services. (Am. Compl. Ex. A ¶¶ 2-3). The fact that some incidental matters were to be decided by the parties at a future date does not, by itself, indicate the LOI is an unenforceable preliminary agreement. *Simpson*, 677 S.W.2d at 306-07, 309; *see also Stevens v. Stevens*, 798 S.W.2d 136, 137-39 (Ky. 1990) (concluding that a divorce settlement agreement was enforceable despite the parties' decision to leave the amount of the daughter's future college expenses to be paid subject to a later "mutual" agreement of the

parties). Instead, the "context" of the agreement plausibly indicates that the parties agreed that Kreller was to receive seventy-five percent of the savings of its services and the "benchmark" calculations were incidental to calculating that payment. *See Giverny Gardens*, 147 F. App'x at 449. Thus, the Court finds that the LOI plausibly forms a contract rather than an unenforceable preliminary agreement.

### B. <u>Breach of Contract</u>

SCB contends that Kreller has established no breach of contract in this case as to plausibly plead a breach of contract claim. (Def.'s Mot. to Dismiss 6). SCB claims that Kreller has failed to show any breach has plausibly occurred because "Kreller alleges that it has yet to determine whether South Central Bank implemented or benefited from the recommendations made by Kreller." To the contrary, Kreller specifically pleads this claim in Paragraph 10 of its amended complaint. (*See* Am. Compl. ¶ 10 (stating "Kreller brings this action for breach of contract to recover the sums that South Central owes Kreller, which Kreller believes to be approximately $112,000 and to require South Central to provide the information necessary to determine the exact amount owed."). Further, SCB claims that Kreller failed to attach the contract at issue to the complaint and therefore the Court must dismiss the complaint. (Def.'s Mot. to Dismiss 7). Kreller filed its Amended Complaint with the LOI attached and provided the LOI with its response.[3] (Am. Compl. Ex. A; Pl.'s Resp. Ex. A, DN 10-1). Thus, the Court also finds that Kreller plausibly states the breach of contract issue in its Amended Complaint.

---

[3] SCB seemingly concedes this point as SCB makes no further mention of this issue in its reply and declined to raise new arguments in its renewed motion.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Defendant South Central Bank, Inc. has presented no grounds to grant its Motion to Dismiss. **IT IS HEREBY ORDERED** that South Central Bank, Inc.'s Motion to Dismiss (DN 8-2) and Renewed Motion to Dismiss (DN 17) are **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

October 26, 2015

cc: counsel of record